IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH PAUL RUSSELL, JR., §<br>#05648-078, §<br>     Plaintiff, §<br> §<br>v. §<br> §<br>UNITED STATES OF AMERICA, §<br>     Defendant. § | | 3:10-CV-0621-P |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge for pretrial management. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is an unspecified *pro se* civil action brought by a federal prisoner pursuant to 28 U.S.C. § 2410.

Parties: Plaintiff is presently confined within the Bureau of Prisons (BOP) at FCI Florence in Florence, Colorado. Defendant is the United States of America. No process has been issued in this case pending preliminary screening.

Statement of Case: On March 26, 2010, Plaintiff filed this action seeking "satisfaction of judgment" and "release of lien" in connection with the judgment entered in *United States v. Joseph Paul Russell, Jr.*, 3:07-CR-096-D(01) (N.D. Tex. Sep. 28, 2007) (Fitzwater, J.). Contemporaneously with the filing of his complaint, Plaintiff submitted a motion for admission

under Federal Rules of Civil Procedure 36, and a motion for production of documents under Federal Rules of Civil Procedure 34. On April 6, 2010, he filed a motion for mandatory injunction.

    <u>Findings and Conclusions</u>: The court permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B) (applicable to all *in forma pauperis* actions).

    A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

    Even when liberally construed in accordance with Plaintiff's *pro se* status, the complaint lacks an arguable basis in law. In 2007, Plaintiff was convicted on his plea of guilty of being a felon in possession of a firearm. *See Russell v. United States*, No. 3:07-CR-096-D(01) (5th Cir. Sep. 28, 2007) (Fitzwater, J.) (Doc. #20). The trial court sentenced him to 41 months' imprisonment, a three-year term of supervised release, and a $100 special assessment. *Id.* Plaintiff did not appeal his conviction. On August 18, 2008, he filed a "motion to discharge, satisfy and release judgment lien," and an "offer of judgment and tender of payment to discharge the judgment lien," relying on Fed. R. Civ. P. 60(b)(5) and 68(c). *Id.*, Doc. #23 and #24. The

2

district court denied the motion and offer of judgment as "wholly frivolous and legally nonsensical." *Id.*, Doc. #25. Plaintiff appealed and the United States Court of Appeals for the Fifth Circuit dismissed the appeal for lack of jurisdiction because the "motions were 'meaningless, unauthorized motion[s]' with no statutory or legal basis." *See United States v. Russell*, No. 08-10939 (5th Cir. Jan. 8, 2009) (unpublished per curiam).[1]

In the present action, Plaintiff seeks to raise the same frivolous arguments urged in his criminal case. Contrary to his allegations, the sentencing court did not impose a fine or an order restitution in No. 3:07-CR-096-D. Nor did it enter a prejudgment remedy or engage in debt recovery. Accordingly, Plaintiff's civil rights complaint lacks an arguable basis in law, and should be dismissed with prejudice as frivolous.

Plaintiff's motions for admission, for production of documents, and for mandatory injunction should be denied as moot in light of the recommendation to dismiss this case.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the complaint be DISMISSED with prejudice as frivolous, *see* 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), and that Plaintiff's

---

[1] Prior to his conviction in No. 3:07-CR-096-D, Plaintiff was twice convicted in federal courts in Texas. In 1996, he was convicted of misprision of a felony and sentenced to probation for three years and restitution in the amount of $2,202. *See United States v. Russell*, No. 1:96-CR-049 (E.D. Tex., Beaumont Div., Nov. 26, 1996). Following the transfer of jurisdiction to this court, and the revocation of his probation, the court sentenced Plaintiff to eight months imprisonment. *See United States v. Russell*, No. 3:97-CR-0073-R (N.D. Tex. Mar. 31, 1997) (Buchmeyer, J.). Subsequently, Plaintiff was convicted of uttering forged and counterfeit securities for which he was sentenced to 12 months +1 day confinement, a three-year supervised release term, and $2,136.23 in restitution. *See United States v. Russell*, No. 3:99-CR-304-T (N.D. Tex. Feb. 11, 2000) (Maloney, J.) Following the revocation of his supervised release, Plaintiff was sentenced to twenty-one months imprisonment. *See Id.* (N.D. Tex. May 22, 2001).

motions for admission, for production of documents, and for mandatory injunction (Doc. #2, #3, and #5) be DENIED as moot.

Signed this 20th day of April, 2010.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.